United States District Court
Southern District of Texas
**ENTERED**
October 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEMERLINDO ANTONIO ASCENCIO-MERINO, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-04904 |
| GRANT DICKEY, *et al.*, | § § § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Hemerlindo Antonio Ascencio-Merino's Petition for Writ of Habeas Corpus (Doc. #1) and Motion for Temporary Restraining Order and Request for Injunctive Relief (the "Motion") (Doc. #2). The Court heard oral argument on Petitioner's Motion on October 20, 2025. Having considered the parties' arguments and the applicable legal authority, the Court grants Petitioner's Motion in part and orders injunctive relief. Doc. #2.

**I.    Background**

Petitioner Hemerlindo Antonio Ascencio-Merino is a citizen of El Salvador. Doc. #2 at 2. He alleges "[h]e fled El Salvador on March 28, 2009 due to persecution and threats of violence against him and his family because of his previous political activism." *Id.* He entered the United States near McAllen, Texas on April 28, 2009. *Id.* On September 12, 2022, Petitioner was detained by Immigration and Customs Enforcement ("ICE") officers and entered into removal proceedings before the Immigration Court in Conroe, Texas. *Id.* On October 18, 2022, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal with the Conroe Immigration Court. *Id.* The next day, the Conroe Immigration Court granted Petitioner's bond,

and he was released from custody. *Id.*; Doc. #2, Ex. 1 at 22–23. Petitioner's removal proceedings were then transferred to the Houston Immigration Court, and he was scheduled for an individual hearing in 2027. Doc. #2 at 3.

On August 30, 2025, however, Petitioner was detained by ICE "after being the subject of a traffic stop." *Id.* He was "never accused of a crime" in relation to the traffic stop and has no criminal history. *Id.* He has since been held in custody at the ICE Joe Corley Processing Center in Conroe. *Id.* Additionally, the Department of Homeland Security transferred Petitioner's removal proceedings back to the Conroe Immigration Court and advanced his hearing to October 22, 2025. *Id.*; Doc. #2, Ex. 1 at 28–29.

Petitioner filed his Petition for Writ of Habeas Corpus on October 14, 2025, requesting that this Court direct Respondents "to immediately release [him] from custody." Doc. #1 at 8. The same day, Petitioner filed his pending Motion. Doc. #2. On October 20, 2025, the Court heard oral argument on Petitioner's Motion.

## II.    Legal Standard

Petitioner must show the following to be entitled to injunctive relief: "(1) a substantial likelihood that [Petitioner] will prevail on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to [Respondents]; and (4) that granting the preliminary injunction will not disserve the public." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction "should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

2

### III.    Analysis

#### a.    Likelihood of Success on the Merits

Petitioner seeks relief on two grounds: (1) Respondents have unlawfully detained him in violation of the Immigration and Naturalization Act ("INA"); and (2) Respondents have unlawfully detained him in violation of his due process rights.  Doc. #1 at 6–8.

Here, Petitioner asserts facts showing he is not under a final removal order and that his detention is arbitrary.  Doc. #2 at 5.  During the October 20, 2025 hearing, counsel for Respondents argued that Petitioner is an "applicant for admission" subject to mandatory detention under 18 U.S.C. § 1225(b)(2).  The Court, however, previously rejected this argument in a substantially similar case.  *Ortega-Aguirre v. Noem, et al.*, No. 4:25-cv-4332, Doc. #14 at 3–5 (S.D. Tex. Oct. 10, 2025).  Petitioner is not an "applicant for admission" who must be detained under § 1225(b)(2).  Rather, he entered the United States over fifteen years ago, appeared for all required ICE appointments, applied for asylum, and "possesses valid work authorization."  Doc. #2 at 2, 5.

Furthermore, the United States Supreme Court has held that "indefinite detention of an alien" raises "a serious constitutional problem."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  In *Zadvydas*, the Supreme Court recognized two justifications for indefinite civil detention of aliens: (1) ensuring appearance at future immigration proceedings and (2) preventing danger to the community.  *Id.*  Here, the Court finds Petitioner has shown his continued detention is unconstitutional because he has been held in custody since August 2025 despite Respondents' failure "to articulate any meaningful reason" for detention "pending the outcome of his removal proceedings."  Doc. #2 at 3, 5.  In fact, Petitioner has no criminal record and "poses no flight risk or danger to the community."  *Id.*  As such, the Court finds Petitioner is likely to succeed on the merits of his claims that his continued detention violates both the INA and due process.

3

**b.    Irreparable Harm**

Although there is no final removal order in Petitioner's case, he "remains indefinitely detained." Doc. #2 at 4–5. Accordingly, Petitioner is deprived of his liberty interest while in ICE custody. *Zadvydas*, 533 U.S. at 690. Furthermore, as stated, "Petitioner has no criminal history," "poses no risk to the community," and "has demonstrated no conduct indicating that he is a threat to the United States." Doc. #2 at 4. The Court therefore concludes Petitioner will suffer irreparable harm if injunctive relief is not granted. *See Ortega-Aguirre*, No. 4:25-cv-4332, Doc. #14 at 6 (finding the same).

**c.    Balance of Equities**

The third factor—whether Petitioner's threatened injury outweighs Respondents' threatened harm—also favors injunctive relief. As explained, Petitioner's continued detention causes him irreparable harm. Moreover, Petitioner's release from custody with certain conditions guaranteeing his continued compliance with legal requirements causes, at most, *de minimis* injury to Respondents. *Id.*; *see Vazquez Barrera v. Wolf*, 455 F. Supp. 3d 330, 339 (S.D. Tex. 2020) ("ICE has many other means besides physical detention to monitor noncitizens and ensure that they are present at removal proceedings and at time of removal, such as GPS monitoring and routine check ins."). Thus, Petitioner has shown his threatened injury outweighs any harm Respondents may suffer if he is released from custody.

**d.    Public Interest**

Finally, the public-interest factor also weighs in Petitioner's favor. Currently, Petitioner is not subject to a final removal order and Respondents offer no evidence that his continued presence in the United States poses any threat to public safety or national security. Doc. #2 at 4; *see also Ortega-Aguirre*, No. 4:25-cv-4332, Doc. #14 at 7 (finding the same). There is thus no public

4

interest served by continuing to detain Petitioner.

**IV.    Conclusion**

In conclusion, the Court finds all four factors weigh in favor of granting Petitioner injunctive relief.  Accordingly, Petitioner's Motion for Preliminary Injunction is GRANTED. Doc. #2.  Moreover, Petitioner's Motion for Temporary Restraining Order is DENIED as MOOT. Doc. #2.  It is hereby ORDERED that:

1. Respondents shall effect Petitioner's immediate release from custody within forty-eight (48) hours of entry of this Order.  Petitioner shall be released in a public place within the Southern District of Texas, and his counsel shall be given notice of the time and place of his release;

2. Petitioner shall comply with all reporting requirements set by ICE, as well as ankle monitoring at the discretion of ICE, while his removal proceedings remain pending;

3. Respondents, their agents, employees, and successors are restrained and enjoined from removing Petitioner from the United States while this injunction remains in effect;

4. Respondents shall notify all relevant personnel that Petitioner is not to be removed from the United States while this Order remains in effect; and

5. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

OCT 2 1 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5