United States District Court
Southern District of Texas
**ENTERED**
June 18, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEMERLINDO ANTONIO ASCENCIO-MERINO, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-04904 |
| GRANT DICKEY, *et al.*, | § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner Hemerlindo Antonio Ascencio-Merino's ("Petitioner") Petition for Writ of Habeas Corpus. Doc. #1. Respondents have notified the Court that Petitioner has been released from custody. Doc. #20. A habeas petition challenging only a petitioner's detention, and not the underlying removal proceedings or its collateral consequences, becomes moot once the petitioner is released from custody. *See Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025), *report and recommendation adopted*, 2025 WL 1908169 (N.D. Tex. July 10, 2025); *see also Kordia v. Noem*, No. 3:25-CV-01072-L-BT, 2026 WL 773087, at *1–2 (N.D. Tex. Mar. 19, 2026) (dismissing habeas petition as moot because petitioner was released). Here, Petitioner challenges only the legality of his detention and seeks release from custody. Doc. #1 at 6-8. Because Petitioner has now been released, the Court can no longer grant effective relief. *See Etuk*, 2025 WL 1908738, at *3. Accordingly, Petitioner's request for relief under 28 U.S.C. § 2241 is DISMISSED AS MOOT. This is a final judgment. The Clerk is DIRECTED to close this case.

It is so ORDERED.

JUN 1 8 2026

_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge